UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>MONTE S. GEARHART,<br><br>      Defendant. | Case No. 06-cr-40004-JPG-1 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Monte S. Gearhart's *pro se* motion to hold this case in abeyance (Doc. 421) while he re-exhausts his administrative remedies regarding compassionate release under the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Docs. 383 & 393).

Before moving for compassionate release in a United States District Court, a defendant must either (1) "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

In January 2024, the Court gave Gearhart an opportunity to supplement his motion with evidence of exhaustion.  It further warned him that if he failed to respond, the Court would offer the Government a chance to assert exhaustion as an affirmative defense before moving forward with the merits of Gearhart's motion.  Gearhart responded with the pending motion to hold the case in abeyance but has not been able to obtain proof of his earlier alleged exhaustion.

Rather than hold this case in abeyance, it would be more efficient to proceed with allowing the Government to assert that affirmative defense, if it wishes to do so.  If the

Government waives the defense, the case can proceed to the merits; if the Government asserts the defense and Gearhart cannot produce evidence of exhaustion before filing his motion, the Court can expeditiously dismiss the current motion for compassionate release and Gearhart can file a new motion after his current exhaustion efforts are complete.

Accordingly, the Court **DENIES** Gearhart's motion to hold the case in abeyance (Doc. 421) and **ORDERS** that the Government shall have up to and including September 27, 2024, to file a motion to dismiss based on the failure to exhaust.  The motion should solely address the exhaustion issue.  If the Government does not file a motion by that date, the Court will construe that as a waiver of the defense of failure to exhaust and will set a deadline for a response on the merits.

**IT IS SO ORDERED.**
**DATED:  August 28, 2024**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**