UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 06-cr-40004-JPG |
| MONTE S. GEARHART, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Monte S. Gearhart's motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 417). The defendant has also filed a motion for appointment of counsel (Doc. 414). The Government has filed a motion to dismiss Gearhart's motion for failure to exhaust administrative remedies (Doc. 424). The defendant did not respond to the Government's motion to dismiss, although he was given an opportunity to do so.

Because it was not clear from the defendant's motion for compassionate release whether he had exhausted his administrative remedies as set forth in the statute before filing the motion, the Court ordered the defendant to submit evidence that he had satisfied the exhaustion requirement (Doc. 418). The defendant responded by asking the Court to hold this case in abeyance while he exhausted (Doc. 421). Because his response did not point to evidence of exhaustion, the Court gave the Government an opportunity to raise exhaustion as a defense before moving to the merits of the defendant's motion (Doc. 422). The Government filed the pending motion to dismiss for failure to exhaust (Doc. 424).

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move.   First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021).   The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i) extraordinary and compelling reasons warrant such a reduction. . .
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).   The failure to exhaust is an affirmative defense that must be asserted by the Government or will be waived.   *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

The exhaustion of remedies portion of this statute provides that the defendant may file a motion for compassionate release after the earlier of two events:   (1) "fully exhaust[ing] all

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release.   Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days. Thus, the Court asks whether the defendant waited 30 days after the warden received his request before filing this motion.

The 30-day period is a mandatory claim-processing rule that must be enforced by the Court if the Government raises it. *Sanford*, 986 F.3d at 782. Although the Court has the power to waive some exhaustion requirements, it cannot waive this one because it was specifically mandated by Congress in the statute. *Id.* (noting that the phrase "may not modify a term of imprisonment" is language of a mandatory claim-processing rule that must be enforced); *see McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (PLRA exhaustion requirement); *Ross v. Blake*, 578 U.S. 632, 638-39 (2016) (same).

Additionally, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise the warden is not equipped to properly consider the defendant's request.

Thus, where an inmate has not satisfied either option for exhausting his administrative remedies for compassionate release—citing the same "extraordinary and compelling" reasons in his motion—*before* filing his motion, the Court must deny the defendant's motion without prejudice to another motion filed *after* exhaustion. *United States v. Alam*, 960 F.3d 831, 836

3

(6th Cir. 2020).

The defendant has failed to object to the Government's request for dismissal for failure to exhaust administrative remedies.  Further, dismissal at this stage would be without prejudice to another motion after the defendant exhausts, which it appears he has already begun to do.  For these reasons, the Court **GRANTS** the Government's motion to dismiss (Doc. 424) and **DISMISSES without prejudice** Gearhart's motion for compassionate release (Doc. 417) and motion for appointment of counsel (Doc. 414).  Gearhart may refile a motion for compassionate release after exhausting his administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED.**
**DATED:   October 29, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
